IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



FILED
DEC - 7 2016
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

UNITED STATES OF AMERICA

v.  Criminal No. 3:05CR173

TIMOTHY M. WILLIAMS

MEMORANDUM OPINION

Timothy M. Williams, a federal inmate proceeding with counsel, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion"). Williams argues that his enhanced sentence under the Armed Career Criminal Act ("ACCA") is unconstitutional in the wake of Johnson v. United States, 135 S. Ct. 2551 (2015).

The ACCA provides: "In the case of a person who violates section 922(g) of this title and has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . ." 18 U.S.C. § 924(e)(1). ACCA defines a violent felony as any crime punishable by imprisonment for a term exceeding one year that: (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another"; (2) "is burglary, arson, or extortion, involves use of explosives"; or

(3) "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). "These definitions of 'violent felony' fall into three respective categories: (1) the elements clause; (2) the enumerated-crimes clause; and (3) and the residual clause." Ziglar v. United States, No. 2:16-CV-463-WKW, 2016 WL 4257773, at *2 (M.D. Ala. Aug. 11, 2016) (citing In re Sams, 830 F.3d 1234, 1236-37 (11th Cir. 2016). In Johnson, the Supreme Court held that the residual clause of the Armed Career Criminal Act is unconstitutionally vague. 135 S. Ct. at 2557. On April 18, 2016, the Supreme Court held in Welch v. United States, 136 S. Ct. 1257 (2016), that Johnson announced a new substantive rule that applies retroactively to cases on collateral review. Welch, 136 S. Ct. at 1264-65.

As explained more fully below, Williams's challenge to his enhanced sentence under ACCA fails. Williams's sentence under ACCA was predicated on five separate felonies, only his conviction for larceny from the person was categorized as violent felony pursuant to the residual clause. While Williams's Johnson-based claim to that conviction is timely, his other claim that challenges his convictions which were categorized as violent felonies under the elements clause and

2

the enumerated-crimes clause, is barred by the relevant statute of limitations.

## I. PROCEDURAL HISTORY

Williams pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). United States v. Williams, 223 F. App'x 280, 280-81 (4th Cir. 2007). The Presentence Report ("PSR") "concluded that Williams qualified as an armed career criminal under the Armed Career Criminal Act (ACCA), 18 U.S.C.A. § 924(e) (West 2000 & Supp. 2006), meaning that he was subject to a mandatory minimum sentence of not less than fifteen years' (180 months') imprisonment." Id. at 281. Williams objected to the PSR, asserting, inter alia, that he did not have the requisite three predicate violent felonies necessary to qualify for an enhancement under ACCA. Id.

At sentencing, the Court determined "that Williams had five qualifying prior felony convictions under . . . ACCA: two burglary convictions, one consolidated larceny from the person conviction, and two robbery convictions." Id. Specifically, the Court determined that Williams's separate Virginia burglary convictions for the burglary of the dwelling houses of Theresa Smith and Sylvia Coleman constituted ACCA predicates under the

3

enumerated crimes clause. (Jan. 20, 2006 Tr. 14-20.) The Court determined that Williams's Virginia conviction for larceny from the person constituted an ACCA predicate under the residual clause. (Jan. 20, 2006 Tr. 23-26.) The Court found that Williams's conviction in Virginia for robbery of Claude Welch on January 27, 1986 constituted an ACCA predicate under the elements clause. (Jan. 20, 2006 Tr. 27-30.) Similarly, the Court concluded that Williams's conviction in Virginia for the robbery of Johnette Daniels on March 5, 1998 qualified as an ACCA predicate under the elements clause. (Jan. 20, 2006 Tr. 27-30.) The Court ultimately sentenced Williams to 210 months of imprisonment. (Jan. 20, 2006 Tr. 53.)

Williams appealed and challenged the determination that he had "three qualifying predicate felonies under the ACCA." Williams, 223 F. App'x at 282. The United States Court of Appeals for the Fourth Circuit affirmed the judgment of this Court. Id. at 285.

On May 13, 2016, Williams, appearing pro se, filed a 28 U.S.C. § 2255 motion. (ECF No. 50.) Thereafter, the Court appointed counsel and subsequently Williams, with counsel, filed an amended § 2255 Motion. (ECF No. 53.) After the Government responded, Williams moved for leave to file a Second Amended § 2255 Motion. Williams's Motion for Leave to File a Second

Amended § 2255 Motion (ECF No. 57) will be granted. The Second Amended § 2255 Motion will supplant Williams's prior § 2255 Motions (ECF Nos. 50, 53).

In his Second Amended § 2255 Motion, Williams argues that his enhanced sentence under ACCA is unlawful. Although not delineated as such in the Second Amended § 2255 Motion, Williams's argument is best read to contain the following claims for relief:

> Claim One    In light of <u>United States v. Descamps</u>, 133 S. Ct. 2276 (2013), Williams's prior convictions for burglary and robbery fail to qualify as predicate offenses for imposing an enhanced sentence under ACCA.
>
> Claim Two    Williams's prior conviction for larceny from the person no longer qualifies as an ACCA predicate in the wake of <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015).

As explained below, Claim One is untimely. Because Williams still has four violent felonies to support his enhanced sentence under ACCA, any error in categorizing Williams's prior conviction for larceny from the person as a violent felony is harmless.

## II. STATUTE OF LIMIATIONS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a

5

one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Under 28 U.S.C. § 2255(f)(1), Williams's conviction became final on Monday, July 9, 2007, the last date to file a petition for a writ of certiorari. See United States v. Sosa, 364 F.3d 507, 509 (4th Cir. 2004); Sup. Ct. R. 13(1) (requiring that a petition for certiorari be filed within ninety days). As Williams's § 2255 Motion was not filed within one year after his conviction became final, see 28 U.S.C. § 2255(f)(1), his claims

6

are only timely if he is entitled to a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(3).

In order to obtain a belated commencement of the limitation period under this section, a petitioner "must show: (1) that the Supreme Court recognized a new right; (2) that the right 'has been . . . made retroactively applicable to cases on collateral review'; and (3) that he filed his motion within one year of the date on which the Supreme Court recognized the right." United States v. Mathur, 685 F.3d 396, 398 (4th Cir. 2012). If the Supreme Court "decides a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from this Court's decision within which to file his § 2255 motion." Dodd v. United States, 545 U.S. 353, 358-59 (2005) (emphasis added). Under that provision, "[t]he meaning of 'right asserted' in 28 U.S.C. § 2255 [(f)](3) is the substantive right that forms the basis for the § 2255 motion . . . ." Outler v. United States, 485 F.3d 1273, 1280 (11th Cir. 2007).

Furthermore, "as every . . . circuit to have considered the question has concluded . . . the timeliness of each claim asserted in either a section 2255 motion or a petition challenging a state-court conviction under 28 U.S.C. § 2254 must be considered independently." Davis v. United States, 817 F.3d

7

319, 327-28 (7th Cir. 2016) (footnote omitted) (citations omitted). "The simple fact that [a petitioner] might have one timely claim to make under section 2255 based on a Supreme Court precedent issued years after his conviction otherwise became final does not allow him to tack on additional, otherwise untimely claims to that one timely claim." Id. at 328 (rejecting petitioner's assertion that all of his claims challenging his sentence are timely because all the claims "are intertwined").

### B. Claim Two Is Timely

"[A]lthough the Supreme Court in Welch did not squarely address the issue, the result reached in Welch rests on the premise that once Johnson was made retroactive, a new one-year statutory period began to run pursuant to § 2255(f)(3)." United States v. Baires, --- F. Supp. 3d ----, No. 1:05-CR-478, 2016 WL 4726547, at *7 (E.D. Va. Sept. 8, 2016). Thus, the decision in Johnson provided convicted defendants one year to challenge ACCA predicate convictions based on the residual clause. Accordingly, Williams's challenge in Claim Two, that his prior conviction for larceny from the person no longer qualifies as an ACCA predicate in the wake of Johnson, is timely filed. Nevertheless, any error in counting the larceny from the person

8

as an ACCA predicate is harmless[1] as Williams had four other convictions that counted under the enumerated-crimes clause and the elements clause. As explained below, Williams's challenge to his burglary and robbery convictions in Claim One is untimely. "Johnson does not have anything to do with the elements clause [or the enumerated-crimes clause] of . . . the Armed Career Criminal Act, and § 2255(f)(3) therefore does not afford prisoners a new one-year period to seek collateral relief on a theory that the elements clause [or the enumerated crimes clause] does not apply to a particular conviction." Stanley v. United States, 827 F.3d 562, 565 (7th Cir. 2016).[2]

---

[1] United States v. Murray, 625 F. App'x 955, 960 (11th Cir. 2015) ("The error here was harmless even without the battery on a law enforcement officer offense counting against Murray because he qualified for ACCA enhancement based on his three serious drug offenses."); United States v. Blitchington, 378 F. App'x 346, 348 (4th Cir. 2010) (concluding that any error in counting violation of South Carolina's blue light statute as a violent felony under ACCA was harmless as defendant has has three other qualifying convictions).

[2] In Stanley, Judge Easterbrook theorized:

> Perhaps a prisoner could argue that he decided not to press an argument about the elements clause at sentencing, or on appeal, when the only consequence would have been to move a conviction from the elements clause to the residual clause. Then it would be possible to see some relation between Johnson and a contention that the conviction has been misclassified, for the line of argument could have been pointless before Johnson but dispositive afterward.

## C. Claim One Is Untimely

In Claim One, Williams contends that in light of <u>United States v. Descamps</u>, 133 S. Ct. 2276 (2013), his convictions for burglary and robbery fail to qualify as predicate offenses for imposing an enhanced sentence under ACCA. In <u>Descamps</u>, the Supreme Court "addressed the process for determining whether a defendant's prior conviction qualified as a violent felony for purposes of enhancing his sentence under [ACCA]." <u>King v. United States</u>, 610 F. App'x 825, 828 (11th Cir.) (citing <u>Descamps</u>, 133 S. Ct. at 2281-82), <u>cert. denied</u>, 136 S. Ct. 349 (2015). The Supreme Court

> held that sentencing courts may not apply the modified categorical approach to prior convictions under indivisible statutes, meaning statutes that have a single, indivisible set of elements. Instead, such indivisible statutes must be analyzed using the categorical approach, meaning that courts compare the elements of the statute forming the basis of the defendant's prior conviction with the elements of the generic crime.

<u>Id.</u> (citations omitted) (internal quotation marks omitted).

<u>Descamps</u> does not provide a basis for a belated commencement of the limitation period under 28 U.S.C.

---

Stanley, 827 F.3d at 565. This futility theory cannot save Williams's untimely challenge to his ACCA predicates in Claim One. As explained below, the United States Court of Appeals for the Fourth Circuit has rejected futility as a basis for tolling the statute of limitations. <u>Whiteside v. United States</u>, 775 F.3d 180, 185 (4th Cir. 2014).

10

§ 2255(f)(3). "[T]he decision in Descamps was dictated by the general principles set forth in existing precedent and did not establish a new rule." Headbird v. United States, 813 F.3d 1092, 1097 (8th Cir. 2016) (citing King, 610 F. App'x. at 828-29; Ezell v. United States, 778 F.3d 762, 766 (9th Cir. 2015); United States v. Montes, 570 F. App'x. 830, 831 (10th Cir. 2014); Smith v. Warden Lewisburg USP, 614 F. App'x. 52, 54-55 (3d Cir. 2015); United States v. Davis, 751 F.3d 769, 775 (6th Cir. 2014)). Accordingly, Claim One is barred by the relevant statute of limitations.

### D. Alleged Futility Does Not Excuse Williams's Untimeliness

William argues that he should now be allowed to present all challenges to his burglary and robbery predicates because it would have been futile to do so prior to the decision in Johnson. Specifically, Williams contends that until the Supreme Court's decision in Johnson, he could not have "argued that his robbery and burglary convictions should not be qualifying offenses. Even if he could have challenged their validity under the force clause and the enumerated offenses clause, his robbery and burglary convictions would have remained qualifying offenses under the residual clause." (Second Am. § 2255 Mot. 7, ECF No. 57-1.)

The United States Court of Appeals for the Fourth Circuit, siting en banc, has specifically rejected futility as a basis for tolling the statute of limitations. Whiteside v. United States, 775 F.3d 180, 185 (4th Cir. 2014) ("It would be anomalous to contend that futility—something the Supreme Court has clearly said cannot serve as cause for procedural default— does nonetheless serve as cause for failure to timely file a § 2255 petition."), cert. denied, 135 S. Ct. 2890 (2015). Williams, like the petitioner in Whiteside, "makes no allegation that he was unable to file in a timely fashion—only that doing so would probably have been unsuccessful in light of extant case law." Id. at 186. "Equitable tolling thus may not be applied where, as here, the only impediment to timely filing was the discouragement felt by petitioner when calculating his odds of success." Id. Accordingly, Claim One will be dismissed.

### III. CONCLUSION

The Motion for Leave to File a Second § 2255 Motion (ECF No. 57) will be granted. The Second Amended § 2255 Motion (ECF No. 57-1) supplants the prior § 2255 Motions (ECF Nos. 50, 53). Claim One is dismissed as untimely. Any error with respect to Claim Two is harmless. The Second Amended § 2255 Motion (ECF

No. 57-1) will be denied. The action will be dismissed. The Court will deny a certificate of appealability.

The Clerk is directed to send a copy of this Memorandum Opinion to counsel of record.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: December 7, 2016

13