FILED
OCT 18 2017
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| v. | ) Civil Action No. 3:05CR173–HEH |
| TIMOTHY M. WILLIAMS, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION
(Granting Government's Unopposed Motion)

THIS MATTER is before the Court on the Government's Unopposed Motion to Correct Sentence, filed September 11, 2017. ("Motion to Correct," ECF No. 72.) The Motion to Correct addressed Timothy M. Williams's Second Amended § 2255 Motion and recommended that the Court reduce his sentence to 120 months. The Court issued an Order granting the Government's Motion to Correct on the same day that it was filed. (ECF No. 73.) The Order indicated that a Memorandum Opinion articulating the Court's reasoning would be forthcoming. For the reasons discussed below, the Court granted the Government's recommended relief and further ordered that Williams be released from confinement.

### I. FACTUAL AND PROCEDURAL HISTORY

In *Johnson v. United States*, the Supreme Court described the impact of the Armed Career Criminal Act ("ACCA") on federal gun laws and noted that:

> Federal law forbids certain people—such as convicted felons, persons committed to mental institutions, and drug users—to ship, possess, and receive firearms. § 922(g). In general, the law punishes violation[s] of this ban by up to 10 years' imprisonment. § 924(a)(2). But if the violator has

>three or more earlier convictions for a "serious drug offense" or a "violent felony," the [ACCA] increases his prison term to a minimum of 15 years and a maximum of life. § 924(e)(1).

135 S. Ct. 2551, 2555 (2015) (citations omitted).

The ACCA defines a violent felony as: "any crime punishable by imprisonment for a term exceeding one year" and "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" 18 U.S.C. § 924(e)(2)(B) (emphasis added). "The closing words of this definition, italicized above, have come to be known as the Act's residual clause." *Johnson*, 135 S. Ct. at 2556. In *Johnson*, the Supreme Court held that the residual clause of the ACCA is unconstitutionally vague. *Id.* at 2557.

Williams pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). *United States v. Williams*, 223 F. App'x 280, 280–81 (4th Cir. 2007). The Presentence Report ("PSR") "concluded that Williams qualified as an armed career criminal under the [ACCA], 18 U.S.C.A. § 924(e) (West 2000 & Supp. 2006), meaning that he was subject to a mandatory minimum sentence of not less than fifteen years' (180 months') imprisonment." *Id.* at 281. At sentencing, the Court determined "that Williams had five qualifying prior felony convictions under the ACCA: two burglary convictions, one consolidated larceny from the person conviction, and two robbery convictions." *Id.* The Court sentenced Williams to 210 months of imprisonment and five years supervised released. (ECF No. 35.)

Williams appealed and challenged the determination that he had "three qualifying predicate felonies under the ACCA." *Williams*, 223 F. App'x at 282. The United States Court of Appeals for the Fourth Circuit affirmed the judgment of this Court. *Id.* at 285.

On May 11, 2016, Williams filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (ECF No. 50, at 12.) The Court appointed Williams counsel and granted Williams's requests to file an Amended § 2255 Motion and subsequently a Second Amended § 2255 Motion. (ECF Nos. 51, 53, 57-1, 61.) In his Second Amended § 2255 Motion, the Court construed Williams to argue:

| | |
|---|---|
| Claim One: | In light of *United States v. Descamps*, 133 S. Ct. 2276 (2013), Williams's prior convictions for burglary and robbery fail to qualify as predicate offenses for imposing an enhanced sentence under ACCA. |
| Claim Two: | Williams's prior conviction for larceny from the person no longer qualifies as an ACCA predicate in the wake of *Johnson v. United States*, 135 S. Ct. 2551 (2015). |

(ECF No. 60, at 5.)

By Order entered on December 7, 2016, the Court denied the Second Amended § 2255 Motion. ("§ 2255 Denial Order," ECF No. 61.) In an accompanying Memorandum Opinion, the Court found that Claim One was untimely and that any error raised by Claim Two was harmless, because Williams still had four violent felonies to support his enhanced sentence under the ACCA. (ECF No. 60, at 5.) Williams appealed the denial of his Second Amended § 2255 Motion. (ECF No. 62.) While his appeal was still pending, the Government filed an unopposed motion requesting that the Fourth

3

Circuit vacate the § 2255 Denial Order to permit the Government to "waive the limitations defense and allow defendant's sentence to be reduced." (ECF No. 69, at 1.) By Order entered September 8, 2017, the Fourth Circuit vacated the § 2255 Denial Order and remanded the case. (*Id.* at 2.)

## II. THE GOVERNMENT'S UNOPPOSED MOTION TO CORRECT

Subsequent to Williams filing his appeal of the § 2255 Denial Order, the Fourth Circuit issued decisions in *United States v. Winston*, 850 F.3d 677 (4th Cir. 2017) and *Castendet-Lewis v. Sessions*, 855 F.3d 253 (4th Cir. 2017). The Government conceded that these decisions indicate "that the Virginia offenses of robbery and burglary do not in fact qualify as violent felonies under the ACCA." (ECF No.72, at 2.) The Government stated that,

> although [*Winston* and *Castendet-Lewis*] do not affect the legal correctness of this Court's ruling applying the statute of limitations on which the government was relying at the time [of Williams's Second Amended § 2255 Motion], the government is electing in light of the present circumstances to exercise its discretion to waive the limitations defense and allow [Williams's] sentence to be reduced.

*Id.* The Government concluded that Williams's sentence should be reduced to 120 months of incarceration and a 3-year period of supervised release. *Id.* at 2–3.

Under 18 U.S.C. § 924(a)(2), the maximum penalty for a conviction of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) without an ACCA enhancement is ten years (120 months). 18 U.S.C. § 924(a)(2). A conviction for which a ten year sentence is imposed is classified as a Class C Felony, 18 U.S.C. § 3559(a)(3),

4

and a Class C Felony carries a maximum of three years of supervised release, 18 U.S.C. § 3583(b). In *United States v. Hadden*, the court determined that a resentencing hearing is not required in fashioning an "appropriate remedy" under 28 U.S.C. § 2255. 475 F. 3d 652, 661 (4th Cir. 2007) (internal citations omitted). Based on this legal context, the Court ordered the relief sought by Williams and the Government and corrected Williams's sentence by reducing the term of imprisonment to 120 months, with time served, and the period of supervised release to 3 years. (ECF No. 73.) Because Williams had already satisfied his new 120 month sentence, the Court ordered Williams be released from confinement. (*Id.*)

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Oct. 18, 2017
Richmond, Virginia

5